CHRISTMAN ET AL., APPELLANTS, *v.* CHRISTMAN ET AL., APPELLEES.*

(No. 264—Decided July 7, 1959.)

*Messrs. Nichols, Speidel & Nichols,* for appellants.
*Messrs. Ely, White & Davidson, Mr. John S. Moore, Mr. Charles G. White, Mr. Edward B. Osborne, Mr. Oscar Dumford, Mr. Ray Bradford, Messrs. Nippert & Nippert* and *Mr. Robert W. Elder,* for appellees.

LONG, J. In 1939, Lynn O. Christman was appointed administrator *de bonis non* of the estate of his father, Louis E. Christman. The principal asset of the estate was the family farm, appraised at $4,000.

In 1940, the Probate Court authorized the defendant administrator to sell the farm at private sale for not less than $4,000. Thereafter, he sold the farm to his wife, defendant Ethel Christman, for $4,000. In purchasing, she assumed the balance due on a mortgage, which amounted to $3,535.83, and paid the balance of the purchase price in cash. The sale was confirmed by the Probate Court shortly thereafter; the defendants, Lynn O. and Ethel Christman, have lived on the farm since the sale, and have made various improvements. Sometime later, about 27 acres of the farm were sold to the Goshen Local School District which built a school thereon. As the years passed, the land became valuable for residential purposes, and defendants have laid out a subdivision from which various lots have been sold.

---

*Judgment affirmed, 171 Ohio St., 152.

At this point, it should be mentioned that plaintiffs are brother and sister of the defendant Lynn O. Christman; that over the years they have visited the farm; that they were parties to the original proceedings in the Probate Court; that they had full knowledge of the fact of the sale to the wife of defendant Lynn O. Christman; and that for 17 years the plaintiffs made no complaint of any phase of the administration of the estate until they filed the present action in 1957.

The trial court held that, under the circumstances, plaintiffs were guilty of laches; that the statute of limitations, Section 2305.09, Revised Code, applies because the gist of the suit is based on fraud; that four years having elapsed, plaintiffs cannot now maintain their suit. It is unnecessary to pass upon the statute of limitations. What has given this court the most difficulty is the case of *Magee* v. *Troutwine*, 166 Ohio St., 466, 143 N. E. (2d), 581. This case holds that: ''Where a Court of Probate issues an order for the private sale of realty by the administratrix of an estate and she then makes such a sale to her spouse, the sale is *voidable* at the election of the heirs.'' (Emphasis supplied.) This is exactly the factual situation in the case at bar, except that, here, the husband is the administrator and he conveyed to his wife. We have read and studied the *Magee case* and nowhere does it appear that the claim of laches was raised. It is suggested in the second last paragraph of Chief Justice Weygandt's opinion that, ''Inasmuch as this is a chancery action, the trial court has plenary jurisdiction to render a decree in conformity with the equities of the matter.'' We are wondering what the decision of the Supreme Court might have been, if the defense of laches had been set up. This court has ''plenary jurisdiction'' to apply all the rules of equity in determining what decree should be entered here. It is fundamental that he who seeks equity must do equity, and that he must come into court with clean hands. There is no doubt that the sale to Christman's wife was improper, and that the brother and sister could have set aside the sale at the time it was made, or within a reasonable time thereafter. But may they, with full knowledge, sit by for 17 years, and, in the face of what has happened to this property, claim relief in equity? The Supreme Court said in the *Magee case* that the sale was *voidable*, not

void; that the defendants were entitled to the application of all the rules of equity. Laches is one of those rules. In our opinion, the equities in this case favor the defendants.

*Judgment accordingly.*

MATTHEWS, P. J., and O'CONNELL, J., concur.